```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

MARK L. WEBB,

    Plaintiff,

v.                                       Civil Action No. 2:09-cv-0813

APPALACHIAN POWER COMPANY d/b/a
AEP APPALACHIAN POWER,

    Defendant and
    Third Party Plaintiff,

v.

HEADWATERS RESOURCES, INC.

    Third Party Defendant.


## MEMORANDUM OPINION AND ORDER


Pending is the motion to exclude plaintiff's economic expert of defendant Appalachian Power Company ("APCo"), filed May 18, 2010. Also pending is APCo's motion in limine to prohibit plaintiff from presenting any evidence of future wages and damages and APCo's motion in limine regarding punitive damages and the net worth of defendant, both filed August 2, 2010.

## I. Background

Plaintiff alleges that while he was employed with Headwaters Resources, Inc. ("Headwaters") as a truck driver, a security gate arm at APCo's Kanawha River Plant crashed into his truck due to APCo's negligent operation of the gate arm. Following this incident, plaintiff claims, APCo informed Headwaters that plaintiff would be prohibited from continuing to work on APCo's property. Headwaters thereafter terminated plaintiff's employment. Plaintiff asserts that Headwaters terminated his employment as a result of APCo's negligence and seeks damages from APCo for his termination.

The complaint alleges that, as a result of APCo's negligence, (1) "plaintiff was terminated and has suffered loss of earnings and earning capacity," and (2) "plaintiff has endured pain and suffering, mental anguish and emotional distress, annoyance and inconvenience and the loss of ability to enjoy life." (Compl. ¶¶ 8-9). Plaintiff "demands judgment against the defendant for punitive, compensatory and general damages in an amount to be set by the jury or the Court, along with costs, attorney fees and any other relief the Court finds that is equitable or allowed by law." (Id. 3).

## II.  Plaintiff's Expert Witness

A.  Motion to Exclude Plaintiff's Economic Expert

APCo moves to exclude any evidence or testimony from plaintiff's economic expert, accountant Roger Griffith, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.  In support of its motion, APCo first asserts that the expert witness disclosure identifying Griffith was untimely inasmuch as it was served on February 4, 2010, two days after the February 2, 2010 deadline for Rule 26(a)(2) disclosures imposed by the scheduling order.  Next, APCo claims that plaintiff's expert disclosure was deficient because (1) it did not contain a separate written report, (2) it provided none of the opinions to be offered by Griffith, and (3) it provided no economic damage calculations. Finally, APCo states that plaintiff served a "preliminary" expert report by Griffith on May 13, 2010, three months after the deadline for expert disclosures and two weeks after the deadline to complete depositions, which did not comply with Rule 26(a)(2)(B).[1]

---

[1] Specifically, APCo states that Griffith's preliminary report "[1] did not contain the basis and reasons for the opinions, [2] did not list or provide the data considered by the witness, [3] contained none of the witness's qualifications, including publications, [4] did not contain a list of the cases in which he has testified . . . [5] failed to identify the

In his response, plaintiff acknowledges that he failed to provide a written expert report by Griffith prior to May 13, 2010. Plaintiff nonetheless claims that he provided all the necessary expert disclosure information at various points during discovery. For instance, plaintiff's Rule 26(a)(1) disclosure, served on September 23, 2009, contained information regarding Griffith's anticipated testimony. And plaintiff's response to APCo's discovery request No. 3, served on October 30, 2009, contained (1) Griffith's curriculum vitae, (2) a list of cases in which Griffith testified, (3) a description of Griffith's area of expertise, (4) the subject matter upon which Griffith will testify, and (5) the manner in which the calculation will be made with respect to both past and future economic loss. Plaintiff does concede, however, that he failed to provide information regarding Griffith's compensation.

B.  Motion in Limine to Prohibit Plaintiff from Presenting Any Evidence of Future Lost Wages and Damages

In its motion in limine, APCo asks the court to prohibit Griffith from offering any evidence or testimony

---

compensation to be paid to Mr. Griffith." (APCo's Mot. to Exclude 2); see also Fed. R. Civ. Pro. 26(a)(2)(B).

relating to plaintiff's future lost wages and damages.  Under West Virginia law, APCo notes, a jury is permitted to award future lost wages and damages only after the plaintiff offers expert testimony of such future losses stated to a reasonable degree of certainty.  Although plaintiff plans to offer the testimony of Griffith, an economic expert, he has not retained a vocational expert to support the calculations of a future wage loss.  APCo contends that Griffith's future wage loss calculations are too remote and speculative to support recovery, and that he should therefore be precluded from testifying about front pay losses and future damages.  In response, plaintiff maintains that Griffith's testimony is sufficiently definite to establish his lost future earnings.

C.   Resolution

By order dated November 3, 2010, the court granted third party defendant Headwaters Resources Inc.'s ("Headwaters") motion to continue.  This order extended, _inter_ _alia_, (1) the deadline for plaintiff's expert disclosures to December 30, 2010, (2) the deadline for defendants' expert disclosures to January 31, 2011, (3) the deadline for rebuttal expert disclosures to February 14, 2011, (4) the discovery close date to February 28, 2011, and (5) the deadline for motions in limine to May 23, 2011.

In light of these new deadlines, which were prompted by APCo's recent third party complaint adding Headwaters as a third party defendant, the court determines that plaintiff should be granted leave to serve a written expert report by Griffith, if he so chooses, that complies with the requirements of Rule 26.  The court also determines that, given APCo's concerns regarding plaintiff's proof of future lost wages and damages, plaintiff should be granted leave to retain a vocational expert and to serve a written report by that expert, if he so chooses.  Consistent with the court's November 3, 2010 scheduling order, plaintiff must serve any written expert reports by December 30, 2010, defendants must serve written reports by their experts by January 31, 2011, expert disclosures for rebuttal purposes must be made by February 14, 2011, and all depositions must be completed by February 28, 2011.  APCo's motion to exclude and motion in limine will accordingly be denied without prejudice, with leave to re-file similar motions in light of subsequent developments on or before the May 23, 2011 deadline for motions in limine.

### III. Motion in Limine Regarding Punitive Damages and Net Worth of Defendant

APCo also asks the court to prohibit plaintiff from offering any evidence or testimony on the issue of punitive damages or APCo's net worth. It asserts that plaintiff has shown no right to recover punitive damages in this case. APCo further contends that, since plaintiff has no right to recover punitive damages, he should also be prohibited from introducing any evidence related to APCo's net worth because such evidence would be unfairly prejudicial within the meaning of Rule 403 of the Federal Rules of Evidence. Plaintiff has not responded to APCo's motion in limine.

To recover punitive damages in West Virginia, a plaintiff must show "that a defendant acted with wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others." Syl. Pt. 6, Coleman v. Sopher, 201 W. Va. 588, 499 S.E.2d 592 (1997) (quoting Syl. Pt. 7, Michael v. Sabado, 192 W. Va. 585, 453 S.E.2d 419 (1994)); see also Syl. Pt. 8, Tri-State Asphalt Products, Inc. v. McDonough Co., 182 W. Va. 757, 391 S.E.2d 907 (1990) ("In order to secure punitive damages, a defendant must be shown to have engaged in a wilful, wanton, reckless, or malicious act."). As our court of

appeals has observed, "West Virginia law . . . 'has long required more than a showing of simple negligence to recover punitive damages.'" Mosser v. Fruehauf Corp., 940 F.2d 77, 87 (4th Cir. 1991) (quoting Bennett v. 3 C Coal Co., 180 W. Va. 665, 671, 379 S.E.2d 388, 394 (1989)).

At no point has plaintiff asserted that APCo engaged in any willful, wanton, reckless, or malicious conduct.  Rather, he only alleges that APCo's careless operation of the security gate arm damaged his truck and led to his eventual termination.[2]  This

---

[2]   The complaint is unclear as to whether plaintiff is also alleging that APCo was negligent in telling Headwaters that it would no longer allow him to work on APCo's premises. Plaintiff's response to APCo's summary judgment motion makes no such assertion.  But the response does state numerous times that "[b]ut for the APCO's malfunctioning gate, Mr. Webb would still be employed with Headwaters."  (Pl.'s Resp. Mot. Summ. J. 9, 2). Further, plaintiff's response summarizes his negligence theory as follows:

> APCO owed a legal duty to Mr. Webb to have a properly functioning gate that would not come down and strike his truck. This duty was especially important, because the breach of said duty could result in the termination of an unwary victim. In this instance, APCO's gate failed and Mr. Webb lost his job as a result. Thus, Mr. Webb sustained economic loss as a direct consequence of the failed gate.

(Id. 10).
   Even assuming APCo's act of contacting Headwaters is part of plaintiff's negligence claim, plaintiff has not alleged that this act was "willful, wanton, reckless, or malicious." Thus, plaintiff would still not be entitled to recover punitive damages.

alleged misconduct amounts to nothing more than simple negligence. Under West Virginia law, then, plaintiff is not entitled to recover punitive damages. Moreover, because evidence concerning APCo's net worth has little probative value in this case, and because whatever probative value that evidence may have is substantially outweighed by the danger of unfair prejudice to APCo, that evidence should be excluded under Federal Rule of Evidence 403. The court therefore concludes that APCo's motion in limine regarding punitive damages and net worth of defendant should be granted.

## IV. Conclusion

Based on the foregoing, the court ORDERS as follows:

1. That APCo's motion to exclude plaintiff's economic expert be, and it hereby is, denied without prejudice.
2. That APCo's motion in limine to prohibit plaintiff from presenting any evidence of future wages and damages be, and it hereby is, denied without prejudice.
3. That APCo's motion in limine regarding punitive damages and its net worth be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: December 3, 2010

John T. Copenhaver, Jr.
United States District Judge